## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER WALSH,** | **MASTER FILE: 06-CV-6075 (WJM)** |
| **Plaintiff,** | |
| **v.** | |
| **JON CORZINE, GEORGE HAYMAN, MICHAEL POWER, DEBRA FAUNCE,** | **OPINION** |
| | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

Anthony N. Iannarelli, Jr.
135 Fort Lee Road, LL3
Leonia, NJ 07605

(*Counsel for Plaintiff*)

Sean M. Gorman
Office of the NJ Attorney General
25 Market Street
PO Box 112
Trenton, NJ 08625

Susan Marie Scott
Office of the NJ Attorney General
RJ Hughes Justice Complex
PO Box 112
Trenton, NJ 08625

(*Counsel for Defendants*)

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff has filed 42 U.S.C. § 1983 claims for compensatory and punitive damages

against Defendants in both their individual and official capacities.  Defendants now move

to dismiss these claims.  Defendants present four arguments for dismissal: (1) that the Eleventh Amendment bars claims for damages against state officials such as Defendants in their official capacities, (2) that Plaintiff's § 1983 claims are based on an impermissible theory of respondeat superior, (3) that the applicable statute of limitations bars claims based on events occurring more than two years before Plaintiff filed the complaint, and (4) that Plaintiff fails to allege the egregious conduct required to support an award of punitive damages.

Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.  The Court finds that the Eleventh Amendment does bar Plaintiff's claims for damages against Defendants in their official capacities and accordingly dismisses those claims.  The Court also finds that Plaintiff has failed to plead a § 1983 claim against Defendant Corzine in his individual capacity, so the Court dismisses all claims against that Defendant. Furthermore, the Court finds that the applicable statute of limitations bars claims based on events occurring more than two years before Plaintiff filed the complaint.  However, the Court finds that Plaintiff has sufficiently pled claims for damages against the remaining Defendants in their individual capacities, including for punitive damages, so the Court declines to dismiss those claims.

I.      **FACTS AND PROCEEDINGS**

In this suit, a prisoner alleges that his jailors interfered with his constitutional right to use the mails.  Plaintiff is Christopher Walsh.  At all relevant times, Walsh was a

prisoner at East Jersey State Prison.  Walsh alleges that since December 2000 prison officials have been interfering with and failing to deliver his incoming and outgoing mail.

In December 2006, Walsh filed claims under 42 U.S.C. § 1983 against four Defendants, both in their individual and official capacities.  (Compl.)  These four Defendants are (1) Jon Corzine, Governor of New Jersey, (2) George Hayman, Commissioner for the New Jersey Department of Corrections, (3) Thomas Michael Power, an administrator at the East Jersey State Prison, and (4) Debra Faunce, head of the New Jersey Department of Corrections Special Investigation Division.  With respect to Defendant Corzine, Walsh alleges that he sent Defendant Corzine a letter complaining about the interference with his mail but that Defendant Corzine "did nothing to curb this or stop it."  With respect to Defendant Hayman, Walsh similarly alleges that he "notified Mr. Hayman about [his] mail being withheld" but that Defendant Hayman "did nothing to prevent this from happening further."  With respect to Defendant Power, Walsh apparently alleges that Defendant Power failed to take action to prevent the prison from interfering with Walsh's mail.[1]  Finally with respect to Defendant Faunce, Walsh alleges that "she failed to properly monitor this investigation and allowed [his] mail to be continually withheld."  Walsh requests both injunctive relief and damages, including punitive damages.

Defendants now move to dismiss Plaintiff's claims for compensatory and punitive

_____

[1]Walsh's complaint is nearly illegible.

3

damages.[2]  Defendants present four arguments: (1) that the Eleventh Amendment bars claims for damages against state officials such as Defendants in their official capacities, (2) that Plaintiff's § 1983 claims are based on an impermissible theory of respondeat superior, (3) that the applicable statute of limitations bars claims based on events occurring more than two years before Plaintiff filed the complaint, and (4) that Plaintiff fails to allege the egregious conduct required to support an award of punitive damages.

## II.  DISCUSSION

Under Rule 12(b)(6), a court should dismiss a claim if the pleadings fail to state a cause of action.  To survive a Rule 12(b)(6) motion to dismiss, the pleadings must set forth factual allegations sufficient to raise the probability of a right to relief above pure speculation.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007).

### A.   Walsh's § 1983 Claims for Damages Against Defendants in Their Official Capacities

Defendants argue that the Court should dismiss Walsh's § 1983 claims for damages against Defendants in their official capacities.  Defendants argue that in their official capacities, they are state actors and thus not amenable to suit for damages under 42 U.S.C. § 1983.  The Court agrees.

---

[2]Defendants' motion requests dismissal of the entire complaint.  However, Defendants' motion and reply neither discuss Plaintiff's claims for injunctive relief nor put forth reasons to dismiss those claims.  Given that Plaintiff clearly argues in his opposition to Defendants' motion that his claims for injunctive relief are sufficiently pled, the Court will construe Defendants' motion as requesting dismissal only of Plaintiff's claims for damages.

The Eleventh Amendment provides that nonconsenting states may not be sued for damages by private individuals in federal court.  Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  This immunity extends to arms of the state, such as state-controlled agencies.  See Se. Pa. Transp. Auth. v. Transp. Workers Union, Local 234, 953 F.2d 807, 814–18 (3d Cir. 1991) .  This immunity extends further to suits against officials of such state arms in their official capacities as such suits merely represent another way of pleading an action against the entity of which the officer is an agent. Hafer v. Melo, 502 U.S. 21, 25 (1991).  Congress may abrogate this immunity by statute. Will v. Mich. Dep't of State Police, 491 U.S. 58, 72 (1989).  It is well settled, however, that 42 U.S.C. § 1983, which provides a cause of action against a "person" who violates the federal rights of another under color of state law, does not abrogate Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332, 340–41 (1979).

Here, the Eleventh Amendment undisputedly bars Walsh's claims for damages against Defendants in their official capacities.  Defendant Corzine in his official capacity as the Governor of New Jersey is certainly a state actor.  See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).  The remaining Defendants in their official capacities are also state actors since state prisons, such as East Jersey State Prison, are arms of the state. Allison v. Ca. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969).  Indeed, Walsh even now concedes that his claims for damages against Defendants in their official capacities are claims against the State and are barred by the Eleventh Amendment.  Accordingly, the

Court dismisses Walsh's claims for damages against defendants in their official capacities.

**B.    Walsh's § 1983 Claims for Damages Against Defendants in Their Individual Capacities**

Defendants argue that Walsh's § 1983 claims against Defendants in their individual capacities are based on an impermissible theory of respondeat superior.  The Court agrees that Walsh's claims against Defendant Corzine in his individual capacity are based solely on such a theory, so the Court dismisses all claims against that Defendant. However, while Walsh's § 1983 claims against the remaining Defendants in their individual capacities are not artfully plead, the Court construes them in Walsh's favor to allege liability premised on more than a mere respondeat superior theory.

A supervisor may be liable under § 1983 for the acts of her subordinate.  <u>Ricker v. Weston</u>, 27 Fed. Appx. 113, 119 (3d Cir. 2002).  Such liability, however, must be premised on more than a mere theory of respondeat superior.  <u>Id.</u>  Rather, a causal link must exist between the supervisor's action or inaction and plaintiff's injury.  <u>Id.</u>  For example, a supervisor may be liable for the acts of her subordinate under § 1983 if the supervisor has knowledge that the subordinate is violating plaintiff's rights and the supervisor somehow communicates approval of the violation.  <u>C.H. ex rel. Z.H. v. Oliva</u>, 226 F.3d 198, 202 (3d Cir. 2000).

The Court finds that Walsh's complaint is insufficient to allege a § 1983 claim against Defendant Corzine in his individual capacity.  With respect to Defendant Corzine,

6

Walsh alleges merely that he sent Defendant Corzine notices complaining about his mail problem and that Defendant Corzine failed to remedy the problem.  He does not allege that Defendant Corzine took any affirmative action to deny Walsh access to mail, that Defendant Corzine somehow communicated approval of such denial, or that Defendant Corzine even received Walsh's messages.  As explained above, such allegations, even if true, would not support a § 1983 claim against Defendant Corzine in his individual capacity.  Accordingly, the Court dismisses Walsh's § 1983 claims against Defendant Corzine.

The Court finds, however, that Walsh's complaint is sufficient to allege § 1983 claims against the remaining Defendants in their individual capacities.  All doubts and ambiguities in a complaint should be resolved in the pleader's favor.  Herman v. Mut. Life Ins. Co. of N.Y., 108 F.2d 678, 679 (3d Cir. 1939).  This approach is particularly appropriate when, like here, the pleading was drafted by a layperson.  See Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247–48 (3d Cir. 1999).  Here, Walsh's complaint arguably alleges that the three remaining Defendants each had knowledge of and acquiesced in violations of Walsh's constitutional right to send and receive mail. Construing Walsh's complaint in his favor, the Court holds that these allegations, if true, could constitute § 1983 claims.  Accordingly, the Court declines to dismiss Walsh's claims for damages against the three remaining Defendants in their individual capacities.

**C.     The Statute of Limitations on Walsh's Claims**

Defendants argue that at least some of Walsh's claims are barred by the applicable statute of limitations. The Court agrees.

Actions brought under § 1983 are governed by the personal injury statute of limitations for the state in which the action accrued. O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). In New Jersey, this statute is N.J.S.A. section 2A:14-2, which provides for a two-year statute of limitations. Id. at 126–27.

This two-year statute of limitations undisputedly bars at least some of Walsh's claims. Walsh alleges that the prison began interfering with his mail in 2000. Yet Walsh did not file this complaint until December 18, 2006. Indeed, Walsh admits that section 2A:14-2 bars at least some of his claims. Accordingly, the Court dismisses any claims based on denials of Walsh's right to use mail that occurred before December 18, 2004.

### D.    Walsh's Claims for Punitive Damages

Defendants ask the Court to dismiss Walsh's claims for punitive damages. Defendants argue that Walsh has failed to plead that Defendants engaged in acts egregious enough to support such damages. The Court disagrees.

Section 1983 permits punitive damage awards. Paton ex rel. Paton v. La Prade, 524 F.2d 862, 871–72 (3d Cir. 1975). For a § 1983 claim to qualify for a punitive damages award, the defendant's conduct must be at least reckless. Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989). Whether a defendant's conduct meets this standard is a matter entrusted to the discretion of the fact finder. Dillon v. Coles, 746 F.2d 998,

1002 n.4 (3d Cir. 1984).

The Court finds that Walsh may be entitled to punitive damages. Construing Walsh's complaint in his favor, it is possible that Defendants violated his rights recklessly. Indeed, Walsh's complaint suggests that at least someone in the East Jersey State Prison interfered with his mail deliberately. Accordingly, the Court declines to dismiss Walsh's claims for punitive damages.

III.   **CONCLUSION**

The Court dismisses Walsh's claims for damages against Defendants in their official capacities. The Court also dismisses all of Walsh's claims against Defendant Corzine. Furthermore, the Court dismisses Walsh's claims based on events occurring before December 18, 2006. The Court declines to dismiss, however, Walsh's claims for damages against the remaining Defendants in their individual capacities, including Walsh's claims for punitive damages. Defendants' motion is thus **GRANTED IN PART** and **DENIED IN PART**. An Order accompanies this Opinion.


                              s/ William J. Martini
                              William J. Martini, U.S.D.J.




                                        9