UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER WALSH,** | Civil Action Number: 2:06-6075 |
| Plaintiff, | |
| v. | OPINION |
| **JOHN CORZINE,** *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

**OPINION**

**I.    INTRODUCTION**

On December 18, 2006, Plaintiff Walsh, incarcerated in East Jersey State Prison at all times relevant to this action, filed a civil rights action against various state officials in their official and individual capacities for allegedly interfering with his lawful use of the mail. The Court appointed Plaintiff *pro bono* counsel. Defendants have filed a motion for summary judgment. Defendants' motion is unopposed. For the reasons elaborated below, the motion for summary judgment is **GRANTED,** and Defendants Hayman, Powers, Faunce, and Olmo are **TERMINATED** from this action, and any claim for injunctive relief is **DENIED** in regard to all Defendants, and this actions is **DISMISSED**.

**II.   FACTS AND PROCEDURAL POSTURE**

The original complaint was brought against then-Governor John Corzine and three individual defendants in their official and individual capacities. It alleged that the Defendants

interfered in his lawful use of the mail while he was incarcerated in the East Jersey State Prison between 2000 and 2006, the year the action was filed. In a prior opinion and order, this Court dismissed Defendant Corzine, dismissed damages claims against all Defendants in their official capacities, and dismissed, based on the statute of limitations, all claims based on allegations relating to Defendants' allegedly denying Plaintiff use of the mail prior to December 18, 2004.[1]

On October 10, 2008, Plaintiff filed an Amended Complaint (incorporating by reference the prior complaint) alleging a single cause of action (asserted under 42 U.S.C. §§ 1983, 1985, 1988) against seven individual defendants – including the three defendants named in the original complaint (Corrections Officers George Hayman, Michael Powers, and Debra Faunce) and four newly added defendants (Inv. Robert Olmo, Sergeant Stephen Kakos, Senior Corrections Officers Calvin Demarest, and Senior Corrections Officer Sestito[2]) – all of whom were employees or agents of the New Jersey Department of Corrections ("DOC").

Plaintiff alleges that Defendants interfered in his lawful use of the mail.

The instant unopposed motion for summary judgment is brought by Defendants Hayman, Powers, Faunce, and Olmo, but on behalf of all Defendants in regard to particular

---

[1] The Court's prior order actually stated December 18, 2006, but this appears to be a scrivener's error.

[2] The Court notes that it appears from the docket that Defendants Kakos, Demarest, and Sestito have yet to be served with a summons (and copy of the Amended Complaint). For this reason, the claims against these Defendants are dismissed without prejudice.

2

claims and defenses. Plaintiff has filed no opposition, nor any statement of undisputed facts, nor any response to Defendants' statement of undisputed facts. Likewise, Plaintiff has not asked for any extension in which to do so.

### III.  STANDARD OF REVIEW

On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. P. 56(c)). A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

If a party fails to oppose a summary judgment motion, the movant is not automatically entitled to the relief sought. *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir.1990). If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, affidavits, discovery and disclosure materials on file, the court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs.*, 922 F.2d at 175. If the nonmoving party has failed to establish a triable issue of fact, summary judgment will be granted if "appropriate," and only if movants are entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(e); *see Anchorage Assocs.*, 922 F.2d at 175. An unopposed motion is appropriately granted when the movant is entitled to judgment as a matter of law. *Id*. "Accordingly, when a plaintiff fails

to respond to a defendant's motion for summary judgment, the Court need only examine the pleadings and any evidence attached to the defendant's motion." *Mitchell v. New Jersey Lottery*, Civil Action No. 04-896, 2007 WL 2462620, at *3 (D.N.J. 2007).

Furthermore, local rules require a party moving for summary judgment to file a statement of undisputed facts. N.J. L.R. 56.1. The party opposing summary judgment is likewise required to file "a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; *any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.*" *Id*. (emphasis added).

### IV.   ANALYSIS

A Section 1983 action against a government official for a civil rights violation must come with allegations of personal involvement in the alleged wrong or allegations of actual knowledge and acquiescence. *Rode v. Dellarciprete*, 845 F.3d 1195 (3d Cir. 1988). Here Plaintiff does not even allege that Defendants Hayman, Powers, and Faunce personally interfered with his mail or directed others to do so. Indeed, there is no evidence that they are specifically responsible for mail delivery – as opposed to having general oversight over the prison system and its employees. To the extent that Plaintiff's position is founded on supervisory liability or *respondeat superior*, it fails as a matter of law. *Id*. at 1207. Moreover, it appears that his prison remedy forms were forwarded to Defendant Olmo, not to Hayman,

4

Powers, and Faunce.

The gravaman of the Amended Complaint in regard to Defendants Hayman, Powers, and Faunce is that Plaintiff sent them letters notifying them that Plaintiff was not receiving his mail and that these Defendants did nothing. Such after-the-fact notice does not amount to actual knowledge and acquiescence in a past wrong. Furthermore, at his deposition, Plaintiff admitted he had no evidence that these officials ever received his letters; rather, he admitted that these letters were forwarded on to Investigator Olmo. As to Defendant Olmo, Plaintiff admits that Olmo conducted an investigation at the conclusion of which Plaintiff withdrew his first set of complaints alleging that his mail was wrongfully withheld. Some time later, in late 2006, he alleges that his mail was again wrongfully withheld. Plaintiff alleges that he sent Olmo a follow-up letter in late 2006 putting Olmo on notice of this new wrong. Even assuming this letter reached Olmo, and even assuming as a result Olmo could be said to have actual knowledge that Plaintiff was denied a constitutional right, Plaintiff puts forward no evidence indicating that Olmo acquiesced in this alleged wrong. And absent personal involvement in the alleged wrong, or actual knowledge and acquiescence – which is not supported here – Plaintiff's claim fails as a matter of law. Finally, the fact that Olmo's first investigation led to the resumption of Plaintiff's mail service strongly indicates that he did not intend to violate any of Plaintiff's rights.

It appears that Defendant Faunce was not employed by the DOC during the time period at issue, and so she must be dismissed from this action.

Plaintiff's claim for injunctive relief is dismissed as moot as he is no longer incarcerated in the East Jersey State Prison. Apparently he has no complaints or claims in regard to mail service at South Woods State Prison to which he was transferred. *See* Walsh Dep. 25:18-26:2.

Finally, Plaintiff's Section 1985 claim requires evidence of conspiracy. Plaintiff has failed to make the requisite showing, and so this claim will be dismissed.

## V.   CONCLUSION

For the reasons elaborated above, the motion for summary judgment is **GRANTED,** and Defendants Hayman, Powers, Faunce, and Olmo are **TERMINATED** from this action, and any claim for injunctive relief is **DENIED** in regard to all Defendants.

Plaintiff's claims against Defendants Kakos, Demarest, and Sestito are dismissed without prejudice for failure to effectuate service of process.

This action is **DISMISSED**.

An appropriate order follows.

s/ William J. Martini
**DATE: June 14, 2010**                                                            **William J. Martini, U.S.D.J.**